IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,              )<br>                                                     )<br>           Plaintiff,                       )<br>                                                     )<br>vs.                                              )<br>                                                     )<br>(1) Edward Porras,                       )<br>                                                     )<br>           Defendant.                     )<br>                                                     )<br>_____) | CR 04-2352-TUC-RCC(CRP)<br><br>**REPORT AND RECOMMENDATION** |

Defendant Edward Porras was psychologically evaluated to determine his competency to stand trial. An evidentiary hearing was held on March 1, 2006, wherein the Defendant, his expert and the Government's expert testified. After reviewing the reports of the experts and considering the evidence presented, this Court determines that the Defendant is competent to stand trial.

**STATEMENT OF THE CASE**

Defendant faces charges of conspiracy to export munitions without a license and three counts of false statements in connection with acquisition of firearms. This case began with the filing of the complaint on October 20, 2004.

Defendant has two co-defendants. Co-defendant Joel Ruiz-Castillo has pleaded guilty and been sentenced. (Dkt. 39). Co-defendant Richard Rodriguez is pending trial.

On May 5, 2005, Defendant's attorney filed a motion to determine mental competency. Subsequently, Porras was examined and evaluated by Joseph Geffen, Ph.D., who issued a written report on September 23, 2005 (hereafter "Geffen Report"). Defendant was also evaluated by Berry Morenz, M.D., who issued a report on December 8, 2005 (hereafter "Morenz Report"). Counsel stipulated to the qualifications of both experts.

**ANALYSIS**

The standard for competency to stand trial is whether the Defendant:

> "...has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding - and whether he has a rational as well as factual understanding of the procedures against him."

*Dusky v. United States*, 362 U.S. 402, 80 S.Ct. 788 (1960). In this case, it is undisputed that Defendant's factual understanding of the process is adequate. The issue in dispute is whether Defendant has sufficient rational understanding of and capability to input the process against him.

Defendant testified in his behalf at the hearing. Defendant factually understood the role of the prosecutor, defense attorney, judge and jury. Defendant understood the potential for prison time and the concept of parole. Defendant knows he is facing weapons charges, but testified he does not know why he has been charged.

Defendant testified haltingly, but credibly. With a slow pace of questions, he appeared to understand the procedures against him quite well.

Defendant also called Joseph Geffen, Ph.D., to testify. Dr. Geffen is a licensed psychologist with twenty-five years of forensic experience.

Defendant's mental function deficiencies relate to a frontal lobe organic brain injury resulting from a car-pedestrian accident twenty years ago. Dr. Geffen characterizes Defendant's brain injury as severe, but not so severe that institutionalization is required. This injury is not susceptible to further rehabilitation.

Dr. Geffen determined Defendant to be of subnormal intelligence, borderline mentally retarded. He determined Defendant was not susceptible to "coaching" to better understand

1    the process, which Dr. Geffen found not surprising since the frontal lobe of the brain controls
2    executive function.

3        According to Dr. Geffen, on the competency questionnaire, Defendant answered two
4    or three out of sixteen questions correctly.

5        Dr. Geffen concluded that Defendant was not competent to stand trial.  Dr. Geffen
6    determined that Defendant would perform adequately on the factual parts of the case, but not
7    on the rational parts of the case.  On the rational side of the case, Dr. Geffen believes
8    Defendant would find it very difficult to make any independent judgment, and thus he would
9    do whatever his lawyer advised.

10       The Government called Barry Morenz, M.D., as an expert witness.  Dr. Morenz
11   concluded Defendant is competent to stand trial.

12       Dr. Morenz emphasized Defendant's ability to live independently, get to appointments,
13   fix cars, pay bills, keep track of medications, cook meals and provide for himself.
14   Defendant's mental capacity is above a mentally retarded level.  While Defendant does not
15   give elaborate descriptions, he understands the case against him, including the wrongfulness
16   of his conduct.  Defendant reported to Dr. Morenz that he would not buy things for people
17   in the future because he had learned his lesson.

18       Dr. Morenz concurs that the brain injury was severe and further rehabilitation is
19   unlikely to result in appreciable improvement.  Dr. Morenz testified that Porras can improve
20   his learning, but may not be able to apply that learning to his situation.  Dr. Morenz
21   concluded that Defendant was not malingering or exaggerating his symptoms.

22       Dr. Morenz conceded that it would be difficult for Defendant to deal with abstract
23   concepts, but that he was able to deal with concrete either/or decisions.  Dr. Morenz believed
24   Defendant could assist his attorney in making the decision of whether or not to accept a plea
25   bargain.

26       Defendant has the burden of proving, by a preponderance of the evidence, that a
27   mental disease or defect renders him mentally incompetent to understand the proceedings
28   against him and assist counsel in defending the case. 18 U.S.C. § 4241(d).  Here, Defendant

1  has not met his burden of proof because he has not shown that he cannot "consult with his
2  attorney with a reasonable degree of rational understanding."  Defendant does have clear
3  cognitive deficits, although he is not mentally retarded and has lived independently for may
4  years without problem.  Even if Defendant's mental functioning was in the mentally retarded
5  range, he would not be *per se* incompetent to stand trial. *Atkins v. Virginia*, 536 U.S. 304,
6  318, 122 S.Ct. 2242, 2250 (2002).

7  The facts before the Court are very similar to those in *United States v. Robinson*, 253
8  F.3d 1065 (8th Cir.2001).  In *Robinson*, the defendant was mildly mentally retarded and
9  unlikely to improve. *Id.* at 1067.  Additionally,

> "Robinson was able to give a simple but accurate version of how he was found with cocaine in his possession, and that if the jury found him guilty, he could go to jail.  He also conveyed a basic understanding of the adversary process: his attorney's role was to assist him, the judge 'tell(s) you what happens; whether you are going to do some time or not,' and the jury determines guilt or innocence."

*Id.*  The court in *Robinson* recognized that defendant's cognitive deficits would be a challenge for the defense attorney, but due process only required a reasonable degree of rational understanding. *Id.* at 1068.

Defendant has greater intelligence and understanding of the process than the defendant in *Robinson*.  Defendant understood every concept presented to him at the hearing, almost always without coaching.  While Defendant may not accept that what he did was criminal, he understands the facts of the case and the charges against him.  While defense counsel may need to communicate with Defendant more slowly and in simple and concrete terms, Defendant rationally understands what he faces and is capable of providing input into his defense.  The fact that Defendant would be prone to rely on his attorney's judgment does not make him unique from other clearly competent defendants.

An order requiring examination of a defendant and an order committing a defendant for treatment to restore competency is not case dispositive and can be ordered by the magistrate judge. LRCrim 57.6(d)(8); *United States v. Rivera-Guerrero*, 377 F.3d 1064, 1070 (9th Cir.2004).  In this situation, however, no further rehabilitation can be anticipated, and

- 4 -

1  thus the Court's ruling is potentially dispositive. For that reason, the ruling is entered as a
2  report and recommendation. Review is *de novo*. 28 U.S.C. § 636(b)(1)(B)&(C).

3      For the reasons set forth in this report and recommendation, this Court recommends
4  that the District Judge, after his independent review enter an order finding that Defendant is
5  competent to stand trial.

6      Pursuant to 28 U.S.C. § 636(b), the parties have ten (10) days from the date of this
7  Report and Recommendation to file written objections to these findings and
8  recommendations with the District Court. If objections are not timely filed, the party's right
9  to de novo review may be waived. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121
10 (9th Cir.2003) (en banc), *cert. denied*, 540 U.S. 900 (2003). Any objections filed should be
11 filed as CR 04-2352-TUC-RCC.

12     DATED this 27th day of March, 2006.

CHARLES R. PYLE
UNITED STATES MAGISTRATE JUDGE